CHARLES S. HEMPSTEAD *et al.*, Appellants, *v.* WILLIAM DICK-SON, Appellee.

### APPEAL FROM JO DAVIESS.

Where a testator bequeaths land to his wife and two other persons, and to the survivor or survivors of them, to have and to hold until his youngest child should, if a male, attain twenty-one, or if a female, eighteen years of age, in trust for all his surviving children, their heirs and assigns, as tenants in common, all of the children of the testator living at the time of his death, became his devisees.

And the devisees, at the death of the testator, took a vested fee simple estate in the land, subject to the trust estate created by the will, which they might alienate, and which was descendible to their heirs ; and also subject to sale and execution, subject to the trust term.

PLAINTIFFS file declaration and notice in ejectment, for the undivided fourth of lot No. one, block " A," on the west side of Fever river, in the city of Galena, Jo Daviess county, Illinois.

Defendant files plea, " not guilty."

A ʋ October term, 1857, jury waived, and cause submitted to the court, SHELDON, Judge, upon agreed statement of facts. Issue found for defendant.

Bill of exceptions sets out submission of cause to court upon the pleadings and agreed state of facts. Statement of facts admits Lawrence Ryan died February 25, 1851, seized in fee of lot in dispute, leaving four children his heirs at law ; the youngest, a daughter, became eighteen years of age on the —— July, 1852 ; that Lawrence Ryan left a will, which is set out in full.

The lot in dispute was given and bequeathed by will of said Lawrence Ryan, to wife of Lawrence Ryan, M. Loras and Michael Murphy, and to the survivor or survivors of them, and to the executors and assigns of such survivors, to have and to hold the same until the youngest child of said Lawrence Ryan, if a male, should attain the age of twenty-one years, or if a female, eighteen years, in trust for all said L. Ryan's surviving children, their heirs and assigns, as tenants in common. If said wife of L. Ryan should marry, to cease to be trustee under said will. Upon the determination of the trust deed aforesaid, all the property bequeathed in trust to be equally divided amongst the surviving children of the testator, their heirs and assigns, as tenants in common.

That on the 13th November, 1849, Francis Ryan, one of the heirs at law of said Lawrence Ryan, executed to plaintiffs a deed of all his estate in said lot.

That defendant is owner of three-fourths of said lot, being all interest of Lawrence Ryan's heirs, except Francis Ryan, whose interest was one undivided fourth of same; that two judgments were rendered against Francis Ryan before he was of age; and the interest of said Francis in said lot was sold under said judgments to Thomas Drum, and a sheriffs' deed executed to Drum.

That the proceedings were regular, except that Francis Ryan was an infant when judgments were obtained.

That administrator of Drum conveyed interest of Drum to Higgins & Strother, November 20, 1851; Strother conveyed to Higgins, September 16, 1852; Higgins conveyed to Newhall, March 16, 1853, and Newhall conveyed to defendant, January 19, 1854.

That Francis Ryan was twenty-one years of age, November 13, 1849, and defendant was in possession of lot when suit was commenced, and ever since.

No other testimony was offered on trial. Court found for defendant, to which plaintiffs excepted, and moved for a new trial, which motion was overruled, and plaintiffs excepted, and the court rendered judgment for defendant.

E. B. WASHBURNE, and GLOVER & COOK, for Appellants.

V. H. HIGGINS, for Appellee.

WALKER, J. This record presents two questions for our consideration. The first is, whether Francis Ryan, upon the death of his father, took such an estate as was liable to execution until the youngest child attained the age specified; and

secondly, whether the estate of a minor defendant is liable to sale under a judgment recovered against him before he attains his majority. It will be necessary to determine the effect of this devise, to arrive at a proper solution of this first question. The phraseology of the testator, in devising the lot in controversy, is peculiar and somewhat ambiguous. It does not specifically determine whether all of his children who were surviving at the period of his death, were intended to take, or only those who might be living at the time his youngest child should attain the age specified. But survivorship is referred to the period of the death of the testator, if there be no special intent manifest to the contrary, so as not to cut off the heirs of the remainder-man who should happen to die before the tenant for life. They are vested and not contingent remainders. This is now become the settled technical construction of the language, and the established English rule of construction. *Doe ex dem. Weinz* v. *Prigg*, 8 Barn. & Cress. R. 231; *King* v. *King*, Watts & Serg. R. 205. In *Moore* v. *Lyons*, 25 Wend. R. 119, it was held, in the Court of Errors, that in a devise of real estate to one for life, and after his death to three other persons, or to the survivors or survivor of them, their heirs and assigns forever, the remainder-men took a vested interest at the death of the testator. In this case there is no special interest manifested to limit the estate to the heirs only who survived the event of his youngest child coming of age. And the language is certainly as definite to limit the estate to all his children who were living at the time of his death, as the case of *Moore* v. *Lyons*. And we are, therefore, upon these authorities, as upon principles of natural justice, disposed to give this clause of the will the construction, that all of the testator's children who were living at the time of his death, became the devisees of this property.

It then remains to determine what estate they took at the death of the testator. Chancellor KENT defines a vested remainder to be a fixed interest, to take effect in possession after a particular estate is spent. 4 Kent Com. 202. And reversions and all such future uses and executory devises as do not depend upon any uncertain event or period, are vested interests. Ibid. He also lays down the doctrine, that if there be a devise to trustees and their heirs, during the minority of the beneficial devisee, and then to him, or upon trust to convey to him, it conveys a vested remainder in fee, and takes effect in possession when the devisee attains twenty-one. The general rule is, that a trust estate is not to continue beyond the period required by the purposes of the trust; and notwithstanding the devise is to trustees and their heirs, they take only a chattel interest, for

the trust, in such a case, does not require an estate of a higher quality. If the devisee dies before the age of twenty-one, the estate descends to his heirs as a vested inheritance. The Master of the Rolls said, the trustees in such a case had an estate for so many years as the minority of the devisee might last. 4 Kent Com. 204. And *Doe* v. *Lea*, 3 T. R. 41; *Stanley* v. *Stanley*, 16 Ves. R. 491, and *Doe* v. *Nicholls*, 1 Barn. & Cress. R. 336, are in support of this doctrine. He also lays it down that "vested remainders are actual estates, and may be conveyed by any conveyances operating by force of the statute of uses." Ibid. A vested executory devise passes the same estate as a vested remainder, and may be disposed of in precisely the same manner. It would then follow, from these authorities, that Francis Ryan, at his father's death, took a vested fee simple estate in this lot, subject to the trust estate created by the will, and that he had the power to alienate it by conveyance, and it was descendible to his heirs upon his death. It was also subject to sale on execution, subject to the trust term.

It is admitted that the sale under these judgments was regular, unless the minority of the defendant at the time of their rendition rendered it irregular. It is said by Chitty, in his work on Pleading, that "Although an infant cannot, in general, be sued in an action in form *ex contractu*, except for necessaries, he is liable for all *torts* committed by him, as for slander, assaults and batteries, etc.; and also in detinue for goods delivered to him for a purpose which he has failed to perform, and which goods he fails to return." 1 Chitty Pl. 87. And in all actions except assumpsit it has been held that infancy, when relied upon as a defense, should be pleaded. In this case, it does not appear what the actions were, whether for *torts*, for necessaries, or on other contracts. One judgment was rendered by default, and if infancy had been a defense to that action, it should have been interposed. If infancy was properly pleaded and wrongfully disregarded by the court in the other case, it was an error which cannot be inquired into collaterally, but should have been reversed in a direct proceeding. We must, therefore, hold that these judgments, and the sale under them, were binding. And that there is no error in this record, and that the judgment of the court below should be affirmed.

*Judgment affirmed.*